IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARLOS ALROY WOODLEY,           )
                                )
         Plaintiff,             )
                                )
v.                              )         Civil Action No. 3:21CV615–HEH
                                )
HAROLD REED, *et al.*,          )
                                )
         Defendants.            )

MEMORANDUM OPINION
(Dismissing Improperly Joined Claims)

Carlos Alroy Woodley, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on December 14, 2021, the Court directed Woodley to file a Particularized Complaint. (ECF No. 9.) The Court also warned Woodley that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (*Id.* at 3.)[1] On January 14, 2022, Woodley filed a Particularized Complaint. (ECF No. 11.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

1915A, Federal Rule of Civil Procedure 20(a),[2] and Woodley's compliance with the Court's December 14, 2021 Order.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the

---

[2] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (internal citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (internal citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se*

complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of

4

claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug. 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III. WOODLEY'S CLAIMS AND LACK OF COMPLIANCE WITH THE COURT'S ORDER

In his Particularized Complaint, Woodley makes the following claims:

Claim One    On October 9, 2020, Lt. Sample sexually assaulted Woodley by grabbing his testicles. (ECF No. 11 at 1.)

Claim Two    Lt. Mason and Sgt. Deloatch violated Woodley's right to due process by refusing to provide any form of classification hearing during the seventeen months Woodley was held in solitary confinement. (*Id.*)

Claim Three  Major Mack and Lt. Talley violated Woodley's Eighth Amendment rights by keeping Woodley in full restraints during his recreation period. (*Id.*)

Claim Four   Larry Leabough and Assistant Superintendent Holmes retaliated against Woodley for filing litigation and otherwise violated Woodley's constitutional rights. (*Id.* at 2.) Additionally, Larry Leabough violated his rights by denying him outside recreation. (*Id.*)

Claim Five   On July 7, 2021, Lt. Sample, Lt. Brown, and Officer Barley violated Woodley's Eighth Amendment rights by using excessive force against Woodley. (*Id.* at 2–3.)

Claim Six    Lt Talley violated Woodley's First Amendment rights by photocopying Woodley's legal mail. (*Id.* at 3.)

## IV. DISMISSAL OF IMPROPERLY JOINED CLAIMS

The Court now proceeds with the analysis outlined in the December 14, 2021 Memorandum Order and "the Court will drop all defendants not properly joined with the first named defendant."[3] (ECF No. 9 at 3.) The first named defendant in the body of the Particularized Complaint is Defendant Sample. Claims One and Five against Defendants Sample, Brown, and Barley alleging sexual assault and excessive use of force are reasonably related and are properly joined. *See Saval v. BL Ltd.*, 710 F.2d 1027, 1031

---

[3] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *8 n.10 (E.D. Va. Mar. 1, 2010) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

6

(4th Cir. 1983). The same cannot be said for Woodley's remaining claims. Instead, Woodley has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Claims Two, Three, Four, and Six do not arise out of the same transaction or occurrence and fail to present a common question of law and fact relative to Claims One and Five. As such, permitting the joinder of Claims Two, Three, Four, and Six will not promote the objectives of Rule 20 or judicial efficiency. *See id.* at *8 n.10. Accordingly, Claims Two, Three, Four, and Six will dismissed without prejudice because they were improperly joined. All Defendants will be dismissed <u>except</u> Defendants Sample, Brown, and Barley. The Court will continue to process the action with respect to Claims One and Five.

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                 Henry E. Hudson
Date: June 1, 2022      Senior United States District Judge
Richmond, Virginia